**Emery P. MILLER et al., Plaintiffs,**

v.

**Robert C. WATSON, Commissioner of Patents, et al., Defendants.**

**Civ. A. No. 1730-53.**

United States District Court, District of Columbia.

March 2, 1955.

William J. Stellman and Jules L. Brady, Chicago, Ill., and Francis W. Brown, Washington, D. C., for plaintiffs.

Howard S. Miller, Asst. Sol. of the Patent Office, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents, under 35 U.S. Code, § 145, formerly known as Section 4915 of the Revised Statutes, to adjudge that the applicant is entitled to receive a patent for his invention.

The application involved in this action is Serial No. 626,631, filed on November 5, 1945. The invention relates to the art of coating metal sheets of the type used in the manufacture of cans with a thin, infinitesimally thin, layer of oil. The specific invention which the applicant claims as his own consists of passing the oil through an eletrostatic field, causing it to be charged with electricity, spraying it on the metal sheet, causing the particles to be deposited thereon and spreading them by means of this electric charge in such a way that they eventually form a continuous layer.

The application comprised two sets of claims, some relating to the apparatus and others relating to the process. Some of the apparatus claims have been allowed. The process claims were rejected and are presented for the consideration of this Court in this action. The Examiner rejected the process

claims as not constituting an invention over prior art. His decision was affirmed by the Board of Appeals of the Patent Office in a rather elaborate, well reasoned opinion. The invention consists of three aspects. First, there is the use of dielectric material with which to coat the metal sheets. The purpose of utilizing dielectric material is to make it possible to charge the material with electricity from the electrostatic field. The Court is of the opinion, however, that the use of dielectric material for this purpose is sufficiently disclosed in the prior patent to Wintermute, Serial No. 106,863, issued on November 12, 1940. In the specification of that patent it is stated that the invention "is of special value in the deposition of poorly conducting materials to form coatings or impregnations upon a base material". This clearly is a disclosure of the use or desirability of employing dielectric materials. To be sure, Wintermute does not show the reason for using the dielectric material or the result that is attained from its use, but in order to obtain a patent on an invention it is well settled that the applicant need not appreciate or realize the result or the potential use or purpose for which his device or process may be applied. Neither does he need to understand scientifically the manner of its operation or why and how it attains its result. This was well illustrated in the famous controversy between De Forest and Armstrong over the rights to the "feed back" circuit, in which the palm of victory was awarded by the Supreme Court to De Forest, who was the prior inventor but who did not realize, admittedly, the significance of his invention at the time that he made it.[1]

The second feature of the invention, which the applicant claims is novel with him, is maintaining an electrostatic field, causing the particles of oil or other similar substance, after they hit or are deposited on the plate, to become flattened and to coalesce into a continuous film. Again the use of an electrostatic field for the general purpose for which it is employed here is disclosed in the prior art. It is shown not only in the patent to Wintermute, to which reference has been made, but also in the patent to Pugh, Serial No. 1,855,869, dated April 26, 1932; and the patent to Ransburg, Serial No. 2,344,648, dated November 16, 1943. The fact that these patents do not disclose the result attained does not detract from their weight as prior art for the same reason as that which has just been referred to in connection with the disclosure of the Wintermute patent.

The third and last feature of the invention is that the particles to be deposited on the plates should be low enough in number that they would not coalesce in the absence of the electrostatic forces acting on their charged surface portions. The Board of Appeals of the Patent Office indicates that this statement is not sufficiently definite and precise to make it practical for persons reasonably skilled in the art to practice the invention without first experimenting as to just how large or how low the number of particles should be. Moreover, it is doubtful whether this step is anything more than one that could be taken by any one reasonably skilled in the art rather than being a product of the inventive faculty.

It has been shown that the applicant has licensed his invention and that it has been put to considerable commercial use. It further appears that the applicant or his assignee has received considerable income in the nature of royalties. The significance of this circumstance, however, becomes unimportant when we bear in mind the fact that the apparatus claims have been allowed and for all that appears the reason for the royalties may be the apparatus claims which are ready to be matured into a patent rather than the process claims which have been rejected by both tribunals of the Patent Office.

1. Radio Corporation of America v. Radio Engineering Laboratories, Inc., 293 U.S. 1, 14, 55 S.Ct. 928, 79 L.Ed. 163.

Finally, the Court must bear in mind that the burden is on the plaintiff to show error on the part of the Patent Office. This is especially true if the matter involved is of a highly technical nature such as is presented here.

The Court is able to find no error in the action of the Patent Office, but even without this presumption, the Court would arrive at the same conclusion as that which was reached by the tribunals of the Patent Office.

Accordingly, the Court will render judgment in favor of the defendant, dismissing the complaint on the merits.

A transcript of this decision may serve in the place of formal findings of fact and conclusions of law.

You may submit a proposed judgment.